IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                                          CASE NO. 1:01-cr-00016-MP-AK

RUBEN DIAZ,

    Defendant.
_____/

## **O R D E R**

This matter is before the Court on Doc. 254, Mr. Diaz' motion for credit for prior time served. Mr. Diaz was arrested and detained by state officials in 2002, and had a federal detainer filed against him on November 12, 2002. He was later sentenced by this Court on March 24, 2004, to 150 months in federal prison, which sentence was to run concurrent to any state sentence later imposed. Defendant now claims that under 18 U.S.C. § 3585(b)(1), he should get credit toward his federal sentence for the time spent in state custody from the time of his federal detainer until his federal sentence commenced on March 24, 2004. For the reasons below, the Court disagrees with Mr. Diaz' analysis and denies his motion.

In pertinent part, 18 U.S.C. § 3585 states:

> A defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed.

As noted above, however, it was the state offense -- not the federal one -- that resulted in defendant's prior custody. Thus, defendant appears to be arguing that the federal detainer somehow converted his prior custody on his state offense into prior custody on his federal offense. The Court rejects this argument and agrees with the Fourth Circuit that a federal

detainer neither effects transfer of prisoner from state to federal custody nor transforms state custody into federal custody by operation of law.  Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).  Additionally, defendant has not shown that his prior custody was the result of the existence of the detainer; the state would have held him regardless.  Bloomgren v. Belaski, 948 F.2d 688 (10th Cir. 1991).  Finally, Defendant cannot show that state confinement was exclusively product of action by federal law enforcement officials so as to justify treating state jail as practical equivalent of federal one. United States v. Killion, 788 F.Supp. 1165 (D.Kan. 1992).

The Court also notes that it imposed a sentence below the guidelines and made it concurrent to any sentence to be imposed in his State of Florida case.  Thus, even if the Court had discretion to consider a sentence credit, the court would decline to reduce the sentence in any manner.  Accordingly, the motion for credit for prior time served, doc. 254, is denied.

**DONE AND ORDERED** this  *29th*  day of April, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge