IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:01-cr-00016-MP-AK

RUBEN DIAZ,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 296, Report and Recommendation of the Magistrate Judge, recommending that Doc. 250, Mr. Diaz's Motion to Vacate under 28 U.S.C. § 2255 be denied; that the motions to amend or correct at docs. 274 and doc. 282 be granted. Mr. Diaz has file objections to the Report and Recommendation (doc. 298) and another motion to amend (doc. 299). The motions to amend or correct (docs. 274, 282, and 299) are granted to the extent that the Court will consider the materials contained therein. For the reasons which follow, the Report and Recommendation is adopted.

Mr. Diaz pled guilty, and, after a thorough plea colloquy, the undersigned accepted his guilty plea. The salient portions of the plea colloquy are set out in the Report and Recommendation. He was granted a downward departure based on substantial assistance and sentenced to 150 months. He now moves to vacate that conviction and sentence, and raises seven contentions.

First, he argues that his Fifth and Sixth Amendment rights were violated when he was not given Miranda warnings before his post-arrest confession. The Court agrees with the Magistrate Judge that the record is clear that Mr. Diaz's plea was counseled and voluntary. During the

colloquy, he specifically agreed that he was waiving any defenses he may have had.  Thus, he may not now challenge the admissibility of his confession.  Thus his first claim is without merit, as is his second, that counsel was ineffective for failing to seek suppression of his illegally obtained confession.  Counsel was not ineffective for failing to raise an argument that Mr. Diaz waived in order to plead guilty.  Moreover, the record supports the tactical decision to plead guilty as reasonable based on the evidence against Mr. Diaz and the potential penalties he faced.

In his next claim, Mr. Diaz argues that counsel was ineffective for failing to object to incorrect sentencing guidelines, in that he should not have been charged with the amount of drugs involved in the entire conspiracy.  Rather, he argues, he should only be responsible for the amounts he actually possessed.  This claim is without merit, however, because Mr. Diaz agreed in his plea colloquy that the government could prove beyond a reasonable doubt the facts in the statement of facts.  Doc. 206.  The statement of facts set out his long-term involvement with the conspiracy and his leadership role.  Moreover, the Court agrees that Mr. Diaz's Booker claims are without merit because the Eleventh Circuit has held that Booker is not retroactively applicable to cases on collateral review.

Additionally, the Court also rejects Defendant's claim that counsel was ineffective for advising Defendant that if he cooperated and pled guilty, he would receive no more than 8 years in prison.  During the plea colloquy, the Court thoroughly questioned Defendant as to whether he had been given or was relying upon any assurances or promises other than those in the plea agreement.  He swore under oath that he was not relying on any such promises or assurances.

Defendant next claims that counsel was ineffective for failing to adequately investigate the case or interview potential witnesses.  Investigation and interviews would have revealed, he

claims, that the amount of marijuana, cocaine and cash attributable to Mr. Diaz was false, and would have shown a non-leadership role for Mr. Diaz.  However, as noted above, Mr. Diaz stated under oath during the plea colloquy that the government's version of the case in the statement of facts could be proven beyond a reasonable doubt.  Also, he was clearly told that by pleading guilty, he waived any defenses he might have had.  Accordingly, this claim is also without merit.

The Court also agrees that Defendant's sixth claim is without merit.  Defendant argues that his plea was involuntary because counsel coerced him to plead guilty by threatening him if he did not plead guilty, he would receive a life sentence.  As noted above, and set out more fully in the Report and Recommendation, Mr. Diaz was given numerous chances to report such coercion or misconduct by his counsel, and testified under oath that no such coercion had occurred.

Finally, the Court agrees with the Magistrate Judge that Defendant has not shown that counsel was ineffective for failing to ensure that Defendant understood the proceedings by having an interpreter present at all stages of negotiations with the Government.   The transcript of the plea colloquy, the participation of a translator during that colloquy, and the repeated

statements of defendant during the plea colloquy indicating that he understood the plea and consequences thereof, demonstrate that this claim is without merit.

For the above reasons, it is hereby

**ORDERED AND ADJUDGED:**

The motions to amend or correct (docs. 274, 282, and 299) are granted to the extent that the Court has considered the arguments contained therein.

The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.  The motion to vacate, doc. 250, is denied.

**DONE AND ORDERED** this  *4th*   day of November, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge